Donald A. MacKay
CA Bar No. 138540
don@damackay.com
DONALD A. MACKAY - ATTORNEY AT LAW
14071 Peyton Dr., Unit 2436
Chino Hills, CA 91709-7208
Telephone (202) 642-4646
Facsimile  (866) 365-8821

John P. Fuller, Esq., *pro hac vice pending*
jpf@fullerfuller.com
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE A. JOSEPH, Individually, <br><br> Plaintiff, <br><br> vs. <br><br> MOHAMAD POURNAMDARI, Individually, <br><br> Defendant. <br> _____ / | Case No. 2:17-cv-3450 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AND RELATED STATE LAW CLAIMS** |

Plaintiff, MICHELE A. JOSEPH, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, MOHAMAD POURNAMDARI, Individually, (sometimes referred to as "Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the related California Statutes, and allege the following:

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, et seq.**

1. Plaintiff, Michele A. Joseph, is an individual residing at 4807 Principle Court, North Las Vegas, NV 89031, in the County of Clark.

2. Defendant's property, La Quinta Inn & Suites Inglewood, is located at 3945 W. Imperial Hwy, Inglewood, CA 90303, in the County of Los Angeles.

3. Venue is properly located in the Central District of California, as venue lies in the judicial district of the property situs. The Defendant's property is located in and do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. Jurisdiction over the state law claims vests with this Court because pending and supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

5. Plaintiff Michele A. Joseph is a Nevada resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. She is a double amputee and uses both prosthetic devices and a wheelchair for mobility. Michele A. Joseph stayed at the subject hotel on November 20, 2016, and intends to return to the hotel, once it is accessible for her use. While at the Defendant's property, the Plaintiff has encountered architectural barriers at the subject property that endangered her safety. She intends to return to the subject hotel when it is accessible to her, to avail herself to the goods and services offered to the public at the property, and to confirm the property is brought into compliance with the ADA.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as La Quinta Inn & Suites Inglewood, and is located at 3945 W. Imperial Hwy, Inglewood, CA 90303.

7. Michele A. Joseph has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraphs 10 through 12 of this complaint. Plaintiff has reasonable grounds to believe that she will

continue to be subjected to discrimination in violation of the ADA by the Defendant. Michele A. Joseph desires to visit La Quinta Inn & Suites Inglewood, not only to avail herself of the goods and services available at the properties but to assure herself that these properties are in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

## FACTUAL ALLEGATIONS

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the La Quinta Inn & Suites Inglewood has shown that violations exist. These violations were personally observed and encountered at the subject hotel by Michele A. Joseph.

**General Sites and Building Elements**

A. The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities in violation of Section 36.211 of the 2010 Standards, which remedies are readily achievable.

**Accessible Routes**

B. There are doors at the facility that do not provide the minimum maneuvering clearances required in Section 404.2.4.1 of the 2010 Standards, which remedy is readily achievable. This condition prevents Ms. Joseph from entering the certain doors without assistance.

C. There are doors in the accessible guest room that contain hardware that does not comply with Section 404.2.7, which remedy is readily achievable. This condition makes it difficult for the Plaintiff to open doors without assistance that lack lever handles.

D.     The reach range for some of the items provided in the closet of the accessible guest room exceed the maximum allowed in Sections 308.2 and 308.3 of the 2010 Standards, which remedy is readily achievable. This condition prevents Ms. Joseph from reaching certain items without assistance.

**Public Restrooms**

E.     The flush control of the water closet provided in Ladies' accessible stall is not located on the open side of the fixture as required in Section 604.6 of the 2010 Standards, which remedy is readily achievable. This condition prevents Ms. Joseph from flushing the toilet without assistance.

F.     The toilet paper dispenser in the unisex toilet room is not mounted between 7" – 9" from in front of the water closet measured to the centerline of the dispenser, violating Section 604.7 of the 2010 Standards, which remedy is readily achievable. This condition makes it difficult for Ms. Joseph to access to toilet paper.

G.     The toilet cover dispenser is mounted less than 12" above the grab bar as required in Section 609.3 of the 2010 Standards, which remedy is readily achievable. This condition makes it difficult for Ms. Joseph to use the grab bar.

H.     The height of the reflecting surface of the mirror provided at the lavatories exceeds the maximum allowed in Section 603.3 of the 2010 Standards, which remedy is readily achievable. This condition makes it difficult for Ms. Joseph to use the mirror.

**Guest Rooms**

I.     The flush control of the water closet in the accessible guest room is not mounted on the open side of water closet area as required in Section 604.6 of the 2010 Standards, which remedy is readily achievable. This condition makes it difficult for Ms. Joseph to flush the toilet without assistance.

J.     The toilet paper dispenser is not located between 7" minimum and 9" maximum in front of the water closet measured to the centerline of the dispenser, violating

|   |   |   |
|---|---|---|
| 1 |   | Section 604.7 of the 2010 Standards, which remedy is readily achievable. This |
| 2 |   | condition makes it difficult for Ms. Joseph to use to toilet paper without |
| 3 |   | assistance. |
| 4 | K. | The side grab bar provided at the water closet in the accessible guest room is not |
| 5 |   | mounted horizontally as required in Section 609.4 of the 2010 Standards, which |
| 6 |   | remedy is readily achievable. This condition prevents Ms. Joseph from using the |
| 7 |   | toilet without assistance. |
| 8 | L. | The grab bars that are provided for the bathtub in the accessible guest room do not |
| 9 |   | comply with Section 607.4.2 of the 2010 Standards, which remedy is readily |
| 10 |   | achievable. This condition makes it difficult for Ms. Joseph to use the bathtub. |
| 11 | M. | The mounting height of the hand held shower spray provided in the bathtub of the |
| 12 |   | accessible guest room exceeds the maximum allowed in Section 308.2 of the 2010 |
| 13 |   | Standards, which remedy is readily achievable. This condition prevents Ms. |
| 14 |   | Joseph from using the hand held shower spray without assistance. |
| 15 | N. | The location of the controls provided for the bathtub in the accessible guest room |
| 16 |   | does not comply with the requirements of Section 607.5 of the 2010 Standards, |
| 17 |   | which remedy is readily achievable. This condition makes it difficult for Ms. |
| 18 |   | Joseph to bathe without assistance. |
| 19 | O. | The height of the reflecting surface of the mirror provided at the lavatory in the |
| 20 |   | accessible guest room exceeds the maximum allowed in Section 603.3 of the 2010 |
| 21 |   | Standards, which remedy is readily achievable. This condition prevents Ms. |
| 22 |   | Joseph from using the mirror without assistance. |
| 23 | P. | The accessible rooms are not properly dispersed among the various class of |
| 24 |   | accommodations offered at the hotel. |

10. Ms. Joseph regularly visits Los Angeles to enjoy the amenities offered in the city and surrounding areas and to visit with her aunt, cousin and nephew who live there. (Her nephew plays basketball for the Los Angeles Lakers). Ms. Joseph stayed at the La Quinta Inn & Suites Inglewood, and encountered the barriers described herein at the facility.

1        Additionally, she has been deterred from additional attempts at patronage, because of her knowledge of the barriers.

11. In encountering and dealing with the lack of accessible facilities, the Plaintiff experienced difficulty and discomfort. This violation denied the Plaintiff full and equal access to facilities, privileges and accommodations offered by the Defendant.

12. Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barriers was intentional because: (1) the particular barriers are intrusive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the Defendant intended any other configuration, they had the means and ability to make the change.

13. Given the obvious and blatant violation, the Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the Plaintiff seeks to have all barriers related to her disability remedied. See Doran v. 7-11, 506 F.3d 1191 (9th Cir. 2007) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

14. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of

the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the

altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the La Quinta Inn & Suites Inglewood to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE**, Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of

|   |   |   |
|---|---|---|
| 1 |   | auxiliary aids and services. |
| 2 | C. | An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205. |
| 4 | D. | Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act. |

### COUNT II
### DISABLED PERSONS ACT

21. Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth herein.

22. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

23. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

24. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code § 54(c) and 54.1(a).

25. Here, Defendant discriminated against the physically disabled public, including the Plaintiff, by denying him full and equal access to the facility. Defendants also violated Ms. Joseph rights under the ADA, and therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

26. For each offense of the Disabled Persons Act, Plaintiff seeks actual damages (both general and specific damages), declaratory relief, and other remedies available under California Civil Code § 54.3.

27. Plaintiff Meggs also seeks to recover reasonable attorneys fees incurred under California Civil Code § 54.3.

### COUNT III
### UNRUH CIVIL RIGHTS ACT

28. Plaintiff realleges herein all prior allegations of the Complaint as if more fully set forth herein.

29. California Civil Code § 51 states, in part, that: All persons withing the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or service in all business establishments of every kind whatsoever.

30. California Civil Code § 51 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

31. California Civil Code § 51 specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

32. Defendant's aforementioned acts and omissions denied the physically disabled public – including the Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

33. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

34. Plaintiff Meggs was damages by Defendant's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

35. Plaintiff Meggs also seeks to enjoin Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

**COUNT IV**
**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Michele A. Joseph prays for judgment against the Defendant, jointly and severally for:

A. Injunctive relief, or any other relief the Court deems proper.

B. Declaratory relief that Defendant violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

C. Statutory minimum damages under either § 52(a) or § 54.3(a) of the California Civil Code (but not both) according to proof.

D. Attorneys' fees, litigation expenses, and cost of suit.

//

1       E.    Interest at the legal rate from the time of the filing of this action.

Respectfully Submitted,

Dated: __May 4__, 2017

*Donald A. MacKay*

Donald A. MacKay- Attorney for Plaintiff JOSEPH

## VERIFICATION

I am a party to this action, and I have read the foregoing complaint and know its contents. The matters stated in the complaint are true based on my own knowledge, except to those matters stated on information and belief, and to those matters I believe them to be true.

I declare under penalty and perjury under the laws of the state of California that the foregoing is true and correct.

Executed on _April 10_, 2017, at North Las Vegas, Nevada.

By: _/s/ Michele A. Joseph_
Michele A. Joseph